IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID J. OGLE, M.D.,

                      Plaintiff,                           3:12-cv-571-ST

        v.                                             FINDINGS AND
                                               RECOMMENDATION

RALPH A. YATES, D.O., *et al*          TO DISMISSS

                    Defendants.

_____

STEWART, Magistrate Judge:

      Plaintiff, David J. Ogle, M.D., who is representing himself *pro se*, has filed a Complaint

seeking a declaratory judgment, injunction and damages against a host of defendants arising out

of the denial of his license to practice medicine in Oregon.  He alleges six claims for relief under

42 USC § 1983 for violations of his rights under the First, Fourth, Fifth, Sixth, Eighth and

Fourteenth Amendments of the United States Constitution.  For the reasons set forth below, his

1 - FINDING AND RECOMMENDATION

Complaint should be dismissed against certain defendants with prejudice and dismissed against the remaining defendants without prejudice based on lack of subject matter jurisdiction.

## ALLEGATIONS

Dr. Ogle was licensed as a doctor of medicine in Oregon and maintained a medical office at Center for Environmental Medicine ("C.E.M.") under a private contract from October 2002 through July 2009.  Complaint, ¶¶ 12-14.  Although not alleged in a chronological fashion, Dr. Ogle alleges that the investigators for the Oregon Medical Board subjected him to unwarranted physical intrusions and encroachments in the private area of his medical practice at C.E.M. on July 1 and 2, 2008.  *Id,* ¶¶ 103-09.  As a result, limitations were placed on his medical license beginning in July 2008 which caused him to suffer financial losses.  *Id,* ¶ 75.  He was later induced to participate in a "quasi-criminal" license revocation process which apparently resulted in the loss of his medical license and the infliction of an "arbitrary and unwarranted" financial lien.  *Id,* ¶¶ 56-57, 59-60.

To fill in the factual gaps, an internet search quickly reveals that Dr. Ogle entered into an Interim Stipulated Order with the Oregon Medical Board on July 14, 2008, subjecting him to various conditions and that his medical license was revoked by an Order of the Oregon Medical Board dated April 8, 2010, due to multiple violations of the Medical Practice Act.  *See* http://www.healthgrades.com/physician/dr-david-ogle-y4l9p/background-check (last accessed April 4, 2012).   Dr. Ogle appealed the Board's Order to the Oregon Court of Appeals, but that appeal was dismissed without an opinion.  Complaint, ¶¶ 41-44.

Dr. Ogle names several categories of defendants:  (1) the Oregon Medical Board, its Executive Director and 11 current and former members; (2) three investigators for the Oregon

Medical Board; (3) two Oregon Assistant Attorney Generals; (4) three judges on the Oregon

Court of Appeals; (5) the State of Oregon; and (6) 50 John Does and 50 Jane Does.   Complaint,

¶¶ 17-38.   He alleges that defendants conspired together to enforce "an unlawful and arbitrary

statutory scheme, ORS 677.190 and ORS 677. 205, against [him], pursuant to a hostile and

arbitrary State policy rooted in Senate Bill 267 of Feb. 7, 1983, itself arbitrary." *Id,* ¶ 59.   The

referenced statutes set forth the grounds on which the Oregon Medical Board may revoke a

license and impose discipline on a licensed person.  Dr. Ogle also complains that defendants

publicly stigmatized him by posting his name in a database at the National Practitioner Data

Bank ("NPDB") and disseminating "false and malicious information at NPDB" and the Board's

website concerning sexual misconduct.  *Id, ¶¶* 51, 67-68.

## **FINDINGS**

### I.    **Subject Matter Jurisdiction**

Under Rule 12(h) of the Federal Rules of Civil Procedure, this court is required to

dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court

lacks jurisdiction of the subject matter." *Augustine v. United States*, 704 F2d 1074, 1077 (9th Cir

1983).

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented

by litigants.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221,

1225 (9th Cir 1989).  A district court is empowered to hear only those cases which are within the

judicial power conferred by the United States Constitution and those which fall within the area of

jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir

1991), *cert denied*, 503 US 936 (1992).  Original jurisdiction must be based either on diversity of

citizenship, requiring more than $75,000 in dispute between citizens of different states, 28 USC

§ 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC

§ 1331.

Dr. Ogle invokes federal question jurisdiction under 28 USC § 1331 based on alleged

violations of his constitutional rights.  However, federal question jurisdiction is unavailable if the

federal claim upon which it is based is patently without merit.  *Yokeno v. Mafnas*, 973 F2d 803,

808 (9th Cir 1992).   As explained below, Dr. Ogle fails to allege a viable claim under § 1983 for

violations of his constitutional rights against any of the named defendants.

## II. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment bars suit in federal court against a state, an agency acting

under its control, or a state officer in his official capacity.  *Puerto Rico Aqueduct and Sewer*

*Auth. v. Metcalf & Eddy, Inc.*, 506 US 139, 144 (1993);  *Atascadero State Hosp. v. Scanlon*, 473

US 234, 239-41 (1985); *Alabama v. Pugh*, 438 US 781, 782 (1978) (*per curiam*); *Edelman v.*

*Jordan*, 415 US 651, 662-63, 673 (1974).  There are two exceptions to the Eleventh Amendment

protection:  (1)  Congress can abrogate the Eleventh Amendment without the consent of the

states in certain situations; and (2) a state may waive its immunity by consenting to suit in

federal court but must do so by "the most express language or by such overwhelming implication

from the text as [will] leave no room for any other reasonable construction."  *Atascadero State*

*Hosp.*, 473 US at 239-40, quoting *Edelman,* 415 US at 673 (internal quotation marks and

additional citation omitted).

The State of Oregon has not consented to be sued in federal court or otherwise waived its

immunity. *Delong Corp v. Oregon State Hwy. Comm'n*, 343 F2d 911, 912 (9th Cir), *cert denied*,

382 US 877 (1965).  Thus, Dr. Ogle cannot sue the State of Oregon or any of its agencies,

including the Oregon Medical Board, in this court.  Accordingly, the State of Oregon and the

Oregon Medical Board should be dismissed with prejudice.

 The same Eleventh Amendment immunity that applies to a state "also shields state

officials from official capacity suits."  *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys.*

*of Higher Educ.*, 616 F3d 963, 967 (9th Cir 2010) (citation omitted), *cert. denied* 131 S Ct 1678

(2011).  However, a plaintiff  may seek "prospective declaratory or injunctive relief against state

officers in their official capacities."  *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F2d 697, 704 (9th

Cir 1992) (citations omitted).  Here Dr. Ogle sues current and former members of the Oregon

Medical Board, as well as its Executive Director and three investigators, only in their individual

capacities.  Accordingly, those defendants are not protected by Eleventh Amendment immunity.

**III.**   **Absolute Immunity**

 Dr. Ogle also names three Oregon appellate judges as defendants presumably because

they dismissed his appeal.   However, judicial officers enjoy absolute immunity from suits for

damages arising out of judicial acts performed in their judicial capacity.  *Mireles v. Waco*, 502

US 9, 11 (1991).   Therefore, defendants David Schuman, Robert Wollheim, and Lynn R.

Nakamoto should be dismissed with prejudice.

 Moreover, a prosecutor is absolutely immune from suits for damages for acting "as an

advocate in initiating a prosecution and presenting a state's case."  *Gobel v. Maricopa County*,

867 F2d 1201, 1203 (9th Cir 1989).  "Prosecutorial immunity, like judicial immunity, is absolute

rather than qualified in order to permit performance without fear of litigation."  *Babcock v. Tyler*,

884 F2d 497, 501-02 (9th Cir 1989), *cert denied,* 493 US 1072 (1990) (citations omitted).  Ogle

has named the two Oregon Assistant Attorney Generals solely due to their role in "prosecuting

for the Board." Complaint, ¶¶ 33-34. They enjoy absolute immunity in that role. Therefore,

defendants Warren G. Foote and Carolyn Alexander should be dismissed with prejudice.

## IV.  Sufficiency of § 1983 Claims

Plaintiff's claims are all premised on a violation of 42 USC § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be subjected, any
> citizen of the United States . . . to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other
> proper proceeding for redress.

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right,

privilege or immunity secured by the United States Constitution or federal law by a person acting

under color of state law. *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert. denied*, 508 US

951 (1993); *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 883 (9th Cir 1991). As explained

below, the claims against the remaining defendants in this case are subject to a number of fatal

flaws.

First, "issues actually litigated in a state-court proceeding are entitled to the same

preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where

the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 US 75, 83

(1984). Even though a state court judgment may erroneously decide constitutional or federal law

issues, this court lacks jurisdiction to engage in appellate review of that judgment. *Texaco, Inc.*

*v. Pennzoil Co.*, 784 F2d 1133, 1141 (2nd Cir 1986), *rev'd on other grounds*, 481 US 1 (1987).

"If the constitutional claims presented to a United States District Court are inextricably

intertwined" with the merits of a judgment rendered in a state court proceeding, "then the District Court is in essence being called upon to review the state court decision.  This the District court may not do."  *Dist. of Columbia Court of Appeals v. Feldman*, 460 US 462, 483 n16 (1983).  A federal court can only redetermine issues decided in a state court proceeding "if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'"  *Haring v. Prosise*, 462 US 306, 317-18 (1983), quoting *Montana v. United States*, 440 US 147, 164 n11 (1979).  In addition, a federal court must abstain from exercising jurisdiction in cases when related state-court proceedings are ongoing.  *Moore v. Sims*, 442 US 415, 423-26 (1979); *Peterson v. Babbitt*, 708 F2d 465, 466 (9th Cir 1983).   Thus, this court has no jurisdiction over any claim by Dr. Ogle concerning any issues raised by his appeal in state court.

Second, "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation.  *Taylor v. List*, 880 F2d 1040, 1045 (9th Cir 1989); *Arnold v. Int'l. Bus. Machs. Corp.*, 637 F2d 1350, 1355 (9th Cir 1981). Liability may also be imposed if the defendant sets into "motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Gini v. Las Vegas Metro. Police Dep't*, 40 F3d 1041, 1044 (9th Cir 1994), quoting *Merritt v. Mackey*, 827 F2d 1368, 1371 (9th Cir 1987).   "Section 1983 does not impose liability upon state officials for the acts of their subordinates under a pure *respondeat superior* theory of liability."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 US 658, 691-94 (1978). Rather, state officials are subject to suit under section 1983 only if "they play an affirmative part in the alleged deprivation of constitutional rights."  *King v. Atiyeh*, 814 F2d 565, 568 (9th Cir 1987) (citation omitted).

7 - FINDING AND RECOMMENDATION

At a minimum, a plaintiff must link specific factual allegations to each individual defendant. *McHenry v. Renne*, 84 F3d 1172, 1179 (9th Cir 1996) (affirming dismissal of complaint which vaguely referred to "defendants" or "other responsible authorities" and failed to link factual allegations to specific defendants). Here Dr. Ogle names as defendants a number of current and former members, as well as the Executive Director, of the Oregon Medical Board, the entity that revoked his medical license. However, he does not allege that they were members of the Board at the time of the alleged constitutional violations and that they personally participated in them. He also fails to allege what role, if any, the Executive Director played in any alleged constitutional violation. That failure is critical since the Executive Director presumably did not make any decision, but simply complied with the instructions of the Board. Similarly, although Dr. Ogle complains of an unlawful search by the Board's investigators, he fails to name which defendant did what. This is particularly important with respect to the Chief Investigator who cannot be held liable simply due to his status as a supervisor.

Third, and perhaps most importantly, it is obvious from the allegations in the Complaint that some of Dr. Ogle's constitutional claims are time-barred. Because § 1983 and most related federal civil statutes have no independent statute of limitations, the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 US 261, 279-80 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F2d 668, 673 (9th Cir 1991). In Oregon, this period is two years. ORS 12.110(1); *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989). Some of Dr. Ogle's claims concern events that transpired in July 2008 with an allegedly unlawful search.

8 - FINDING AND RECOMMENDATION

Given that the Complaint in this case was not filed until April 3, 2012, those claims appear to be time-barred.

## V.  Leave to Amend

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment.  *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted).

Viewing all allegations in the Complaint as true and construing all inferences in Dr. Ogle's favor, this court concludes that it clearly has no jurisdiction over his claims against the following defendants:  Oregon Medical Board, Warren G. Foote, Carolyn Alexander, David Schuman, Robert Wollheim, Lynn R. Nakamoto, and the State of Oregon.

As to the claims against the remaining defendants acting in their personal (or individual) capacity, the Complaint not only fails to state a claim under § 1983, but some of those claims appear to be barred by the statute of limitations.   Although this court doubts that the deficiencies in the Complaint can be cured by amendment, the dismissal of the claims against the remaining defendants should be without prejudice and with leave to file an amended complaint within a specified period of time.

///

///

///

///

///

///

9 - FINDING AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, the Complaint should be DISMISSED with prejudice as to the following defendants:  Oregon Medical Board, Warren G. Foote, Carolyn Alexander, David Schuman, Robert Wollheim, Lynn R. Nakamoto, and the State of Oregon.  As to the remaining defendants, the Complaint should be DISMISSED without prejudice and with leave to file an amended complaint within a specified period of time.  In addition, Dr. Ogle should be cautioned that failure to timely file an amended complaint curing the deficiencies noted above will result in dismissal of this case with prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due April 23, 2012.  If no objections are filed, then these Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 6th day of April, 2012.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge